**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TEVA NEUROSCIENCE, INC., and AUSPEX PHARMACEUTICALS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ALKEM LABORATORIES LIMITED, and ASCEND LABORATORIES, LLC,<br><br>Defendants. | Civil Action No. _____ |

**COMPLAINT**

Plaintiffs Teva Neuroscience, Inc., ("Teva") and Auspex Pharmaceuticals LLC ("Auspex") (collectively, "Plaintiffs"), by their attorneys, for their Complaint against Defendants Alkem Laboratories Limited and Ascend Laboratories, LLC, (collectively, "Alkem"), allege as follows:

1.    This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 et seq., which arises out of the submission by Alkem Laboratories Limited of Abbreviated New Drug Application ("ANDA") No. 221495 ("Alkem's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import generic versions ("Alkem's ANDA Products") of Plaintiffs' AUSTEDO® XR (deutetrabenazine) products prior to the expiration of U.S. Patent Nos. 9,550,780 (the "'780 patent"), 10,959,996 (the "'996 patent"), 11,179,386 (the "'386 patent"), 11,311,488 (the "'488 patent"), 11,357,772 (the "'772 patent"), 11,446,291 (the "'291 patent"), 11,564,917 (the "'917 patent"), 11,648,244 (the "'244 patent"), 11,813,232 (the "'232 patent"), 12,016,858 (the "'858 patent"), 12,589,075 (the "'075 patent"), and 12,599,598 (the "'598 patent").

1

Collectively, the '780 patent, the '996 patent, the '386 patent, the '488 patent, the '772 patent, the '291 patent, the '917 patent, the '244 patent, the '232 patent, the '858 patent, the '075 patent, and the '598 patent are referred to herein as the "Patents-in-Suit."

**PARTIES**

2.      Plaintiff Teva Neuroscience, Inc., is a Delaware corporation with its principal place of business at 11100 Nall Ave., Overland Park, KS 66211.  Teva Neuroscience, Inc., is registered to do business in the state of New Jersey.

3.      Teva Neuroscience, Inc., is the holder of New Drug Application ("NDA") No. 216354 for AUSTEDO® XR (deutetrabenazine) 6 mg, 12 mg, 18 mg, 24 mg, 30 mg, 36 mg, 42 mg, and 48 mg Tablet, Extended Release, Oral.  Teva's AUSTEDO® XR tablets are approved by the FDA for the treatment in adults of chorea associated with Huntington's disease and tardive dyskinesia.

4.      Plaintiff Auspex is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 400 Interpace Parkway #3, Parsippany, New Jersey 07054.

5.      Upon information and belief, Defendant Alkem Laboratories Limited is a company organized and existing under the laws of the Republic of India with its principal place of business at Devashish Building, Alkem House, Senapati Bapat Road, Lower Parel, Mumbai, 400 013, India. Upon information and belief, Alkem Laboratories Limited is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products through various operating subsidiaries, including Ascend Laboratories, LLC.

6.      Upon information and belief, Ascend Laboratories, LLC, is wholly owned by ThePharmaNetwork, LLC.  On information and belief, ThePharmaNetwork, LLC, has a principal place of business at 180 Summit Ave., Suite 200, Montvale, New Jersey 07645.  Upon information

2

and belief, ThePharmaNetwork, LLC, is a subsidiary of S&B Holdings S.a.r.l, which is wholly owned by Alkem Laboratories Limited. Therefore, Alkem Laboratories Limited wholly owns Ascend Laboratories, LLC, through its ownership of S&B Holdings S.a.r.l. and ThePharmaNetwork, LLC.[1]

7.    Upon information and belief, defendant Ascend Laboratories, LLC, is a limited liability company organized and existing under the laws of the state of New Jersey with its principal place of business at 125 Rt 202/206, Suite 15, Bedminster, New Jersey 07921.

8.    On information and belief, Alkem Laboratories Limited is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling and marketing generic drugs throughout the United States, including within the state of New Jersey, through its own actions and through the actions of its agents and subsidiaries from which Alkem Laboratories Limited derives a substantial portion of its revenue.

9.    Upon information and belief, Alkem Laboratories Limited and Ascend Laboratories, LLC, acted in concert to prepare and submit Alkem's ANDA to the FDA.

10.    Upon information and belief, Alkem Laboratories Limited and Ascend Laboratories, LLC, know and intend that upon approval of Alkem's ANDA, Alkem Laboratories Limited will manufacture Alkem's ANDA Products and, including with and through its subsidiary Ascend Laboratories, LLC, will directly or indirectly market, sell, and distribute Alkem's ANDA Products throughout the United States, including in New Jersey.

---

[1] *See Background*, ASCEND LABORATORIES, Ascendlaboratories.com/Home/Background (last visited May 26, 2026).

11.    On information and belief, following any FDA approval of Alkem's ANDA, Alkem Laboratories Limited and Ascend Laboratories, LLC, will act in concert to distribute and sell Alkem's ANDA Products throughout the United States, including within New Jersey.

## JURISDICTION

12.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

13.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

14.    Based on the facts and causes of action alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Alkem.

15.    Alkem Laboratories Limited is subject to personal jurisdiction in New Jersey because, among other things, Alkem Laboratories Limited itself and through its wholly owned subsidiary Ascend Laboratories, LLC, has purposefully availed itself of the benefits and protections of New Jersey's laws such that it reasonably should anticipate being haled into court here.  On information and belief, Alkem Laboratories Limited itself and through its wholly owned subsidiary Ascend Laboratories, LLC, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the state of New Jersey, and therefore transacts business within the state of New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the state of New Jersey.  In addition, Alkem Laboratories Limited is subject to personal jurisdiction in New Jersey because, on information and belief, it controls and dominates Ascend Laboratories, LLC, and therefore the activities of Ascend Laboratories, LLC, in this jurisdiction are attributed to Alkem Laboratories Limited.

4

16.    Alternatively, if Alkem Laboratories Limited's connections with New Jersey, including its connections with Ascend Laboratories, LLC, are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Alkem Laboratories Limited is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Alkem Laboratories Limited in New Jersey is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

17.    Ascend Laboratories, LLC, is subject to personal jurisdiction in New Jersey because, among other things, it has purposely availed itself of the benefits and protections of New Jersey's laws such that it reasonably should anticipate being haled into court here.  For example, Ascend Laboratories, LLC's principal place of business, including its head office, is in New Jersey. In addition, on information and belief, Ascend Laboratories, LLC, develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the state of New Jersey, and therefore transacts business within the state of New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the state of New Jersey.

18.    In addition, this Court has personal jurisdiction over Alkem because, among other things, on information and belief: (1) Alkem filed Alkem's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products in the United States, including in New Jersey; and (2) upon approval of Alkem's ANDA, Alkem will market, distribute, offer for sale, sell, and/or import Alkem's ANDA Products in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Alkem's ANDA Products in New Jersey.  On information and belief, upon approval of Alkem's ANDA, Alkem's ANDA Products will, among other things, be

marketed, distributed, offered for sale, sold, and/or imported in New Jersey; prescribed by physicians practicing in New Jersey; dispensed by pharmacies located within New Jersey; and/or used by patients in New Jersey, all of which would have a substantial effect on New Jersey.

19.     In addition, this Court has personal jurisdiction over Alkem because Alkem Laboratories Limited and Ascend Laboratories, LLC, regularly (1) engage in patent litigation concerning Alkem's ANDA Products in this District, (2) do not contest personal jurisdiction in this District, and (3) purposefully avail themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this District.  *See Braintree Lab'ys, Inc. v. Alkem Lab'ys Ltd.*, 1:25-cv-12118, Dkt. No. 7 (D.N.J. Aug 25, 2025); *Axsome Malta Ltd. v. Alkem Lab'ys Ltd.*, 2:24-cv-10617, Dkt. No. 9 (D.N.J. Feb. 7, 2025); *AstraZeneca AB v. Alkem Lab'ys Ltd.*, 3:15-cv-06609, Dkt. No. 10 (D.N.J. 2015); and *Grunenthal Gmbh v. Actavis Elizabeth LLC*, 2:13-cv-04507, Dkt. No. 17 (D.N.J. Aug. 28, 2013).

20.     For the above reasons, it would not be unfair or unreasonable for Alkem Laboratories Limited or Ascend Laboratories, LLC, to litigate this Action in this District, and the Court has personal jurisdiction here over both entities.

## **VENUE**

21.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

22.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) with respect to Alkem Laboratories Limited at least because, on information and belief, Alkem Laboratories Limited is a foreign corporation that may be sued in any judicial district in which it is subject to the court's personal jurisdiction.

23.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) as to Ascend Laboratories, LLC, because, on information and belief, Ascend Laboratories, LLC, resides in New Jersey; because on information and belief, Ascend Laboratories, LLC, has a regular and

established place of business in New Jersey; and because, on information and belief, Ascend Laboratories, LLC, has committed or aided, abetted, contributed to, and/or participated in the commission of acts of infringement of the Patents-in-Suit that will lead to foreseeable harm and injury to Plaintiffs by preparing or assisting in preparing Alkem's ANDA in New Jersey and/or with the intention of seeking to market Alkem's ANDA Products nationwide, including within New Jersey.

## BACKGROUND

### The '780 Patent

24. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

25. The '780 patent, entitled "Formulations Pharmacokinetics of Deuterated Benzoquinoline Inhibitors of Vesicular Monamine Transporter 2" (Exhibit A), duly and legally issued on January 24, 2017.

26. Auspex is the owner and assignee of the '780 patent.

27. The '780 patent lists as inventors Andreas Sommer, Chengzhi Zhang, John Carter, John Arthur, Margaret Bradbury, Thomas Gant, and Manouchehr Shahbaz.

28. The '780 patent is listed in connection with AUSTEDO® XR in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly referred to as the "Orange Book").

29. Claim 1 of the '780 patent claims:

1. A compound that is crystalline $d_6$-tetrabenazine Form I having deuterium enrichment of no less than about 1%, and having an X-ray diffractogram comprising peaks, in terms of $2\theta\pm0.2$, at 6.5, 12.2, 14.4, 22.4 and 23.4; or a pharmaceutically acceptable salt or hydrate thereof.

### The '996 Patent

30. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

7

31.     The '996 patent, entitled "Methods for the Treatment of Abnormal Involuntary Movement Disorders" (Exhibit B), duly and legally issued on March 30, 2021.

32.     Auspex is the owner and assignee of the '996 patent.

33.     The '996 patent lists as inventors David Stamler and Michael Fangching Huang.

34.     The '996 patent is listed in connection with AUSTEDO® XR in the Orange Book.

35.     Claim 1 of the '996 patent claims:

1.  A method of transitioning a human from tetrabenazine to deutetrabenazine for the treatment of chorea associated with Huntington's disease, comprising:
    a) discontinuing a daily amount of tetrabenazine; and
    b) administering an initial daily amount of deutetrabenazine the next day to the human,
    wherein the daily amount of tetrabenazine is 12.5 mg and the initial total daily amount of deutetrabenazine is 6 mg; or wherein the daily amount of tetrabenazine is 25 mg and the initial total daily amount of deutetrabenazine is 12 mg; or wherein the daily amount of tetrabenazine is 37.5 mg and the initial total daily amount of deutetrabenazine is 18 mg; or wherein the daily amount of tetrabenazine is 50 mg and the initial total daily amount of deutetrabenazine is 24 mg; or wherein the daily amount of tetrabenazine is 62.5 mg and the initial total daily amount of deutetrabenazine is 30 mg; or wherein the daily amount of tetrabenazine is 75 mg and the initial total daily amount of deutetrabenazine is 36 mg; or wherein the daily amount of tetrabenazine is 87.5 mg and the initial total daily amount of deutetrabenazine is 42 mg; or wherein the daily amount of tetrabenazine is 100 mg and the initial total daily amount of deutetrabenazine is 48 mg.

**The '386 Patent**

36.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

37.    The '386 patent, entitled "Analogs of Deutetrabenazine, Their Preparation and Use" (Exhibit C), duly and legally issued on November 23, 2021.

38.    Auspex is the owner and assignee of the '386 patent.

39.    The '386 patent lists as inventors Chengzhi Zhang and James Kerr.

40.    The '386 patent is listed in connection with AUSTEDO® XR in the Orange Book.

41.    Claim 1 of the '386 patent claims:

1.  A pharmaceutical composition in the form of a tablet comprising an admixture of a deutetrabenazine drug substance and a pharmaceutically acceptable carrier, wherein the deutetrabenazine drug substance comprises 5 mg to 30 mg of deutetrabenazine; and
Compound 2 in an amount that is not more than 0.15 area %, relative to the concentration of the deutetrabenazine in the tablet, based on a determination by an HPLC method comprising a C18, 150x4.6 mm, 3.5 μm column and a photodiode array/ultraviolet detector at 220 nm

Deutetrabenazine

Compound 2

## The '488 Patent

42.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

9

43.    The '488 patent, entitled "Osmotic Dosage Forms Comprising Deutetrabenazine and Methods of Use Thereof" (Exhibit D), duly and legally issued on April 26, 2022.

44.    Auspex is the owner and assignee of the '488 patent.

45.    The '488 patent lists as inventors Parag Shah, Mayank Joshi, Soumen Pattanayek, Divyang Patel, and Sandeep Pandita.

46.    The '488 patent is listed in connection with AUSTEDO® XR in the Orange Book.

47.    Claim 1 of the '488 patent claims:

1.    A once daily osmotic oral dosage form for administration of deutetrabenazine to a subject in need thereof comprising:
   a.   a tablet core comprising an active layer and a push layer, wherein the active layer comprises an amount of deutetrabenazine microparticles and an active layer control release agent, and wherein the push layer comprises an osmotic agent and a push layer control release agent, and an optional tablet seal coat on the outer surface of the tablet core;
   b.   a semipermeable layer surrounding the tablet core;
   c.   a port extending through the semipermeable layer into the tablet core; and
   d.   an optional immediate release coating external to the semipermeable layer comprising a second amount of deutetrabenazine microparticles,
   wherein the dosage comprises from about 6 mg to about 48 mg deutetrabenazine in the form of deutetrabenzine microparticles and wherein about 70%-80% of the total amount of deutetrabenazine microparticles present in the dosage form is present within the active layer and wherein about 20%-30% of the total amount of deutetrabenazine microparticles present in the dosage form, is present within the immediate release coating; and
   wherein the deutetrabenazine microparticles have a $D_{90}$ of 15 μm, a $D_{50}$ 10 μm, and/or a $D_{10}$ of 3 μm.

### The '772 Patent

48.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

49.    The '772 patent, entitled "Methods for the Treatment of Abnormal Involuntary Movement Disorders" (Exhibit E), duly and legally issued on June 14, 2022.

50.    Auspex is the owner and assignee of the '772 patent.

51.     The '772 patent lists as inventors David Stamler and Michael Huang.

52.     The '772 patent is listed in connection with AUSTEDO® XR in the Orange Book.

53.     Claim 1 of the '772 patent claims:

1.  A method for treating abnormal involuntary movement in a subject comprising:

   a) administering to the subject an initial daily amount of deutetrabenazine of at least about 6 mg per day;
   b) determining after about one week the degree of control of abnormal involuntary movement achieved with the initial daily amount and the tolerability of the initial daily amount;
   c) increasing the daily amount of the deutetrabenazine upward by 6 mg/day or more to a subsequent daily amount if the degree of control of abnormal involuntary movement is inadequate and the initial daily amount is tolerable;
   d) optionally, repeating steps b) and c) until the degree of control of abnormal involuntary movement is adequate and the daily amount of the deutetrabenazine is tolerable; and
   e) if any subsequent amount is not tolerated, decreasing the daily amount downward by 6 mg/day or more to a subsequent daily amount.

### The '291 Patent

54.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

55.     The '291 patent, entitled "Methods for the Treatment of Abnormal Involuntary Movement Disorders" (Exhibit F), duly and legally issued on September 20, 2022.

56.     Auspex is the owner and assignee of the '291 patent.

57.     The '291 patent lists as inventors David Stamler and Michael Fangching Huang.

58.     The '291 patent is listed in connection with AUSTEDO® XR in the Orange Book.

59.     Claim 1 of the '291 patent claims:

1.  A method of transitioning a human from tetrabenazine to deutetrabenazine for the treatment of tardive dyskinesia, comprising:
   a) discontinuing a daily amount of tetrabenazine; and
   b) administering an initial daily amount of deutetrabenazine the next day to the human,

11

wherein the daily amount of tetrabenazine is 12.5 mg and the initial total daily amount of deutetrabenazine is 6 mg; or wherein the daily amount of tetrabenazine is 25 mg and the initial total daily amount of deutetrabenazine is 12 mg; or wherein the daily amount of tetrabenazine is 37.5 mg and the initial total daily amount of deutetrabenazine is 18 mg; or wherein the daily amount of tetrabenazine is 50 mg and the initial total daily amount of deutetrabenazine is 24 mg; or wherein the daily amount of tetrabenazine is 62.5 mg and the initial total daily amount of deutetrabenazine is 30 mg; or wherein the daily amount of tetrabenazine is 75 mg and the initial total daily amount of deutetrabenazine is 36 mg; or wherein the daily amount of tetrabenazine is 87.5 mg and the initial total daily amount of deutetrabenazine is 42 mg; or wherein the daily amount of tetrabenazine is 100 mg and the initial total daily amount of deutetrabenazine is 48 mg.

### The '917 Patent

60.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

61.    The '917 patent, entitled "Methods for the Treatment of Abnormal Involuntary Movement Disorders" (Exhibit G), duly and legally issued on January 31, 2023.

62.    Auspex is the owner and assignee of the '917 patent.

63.    The '917 patent lists as inventors David Stamler and Michael Fangching Huang.

64.    The '917 patent is listed in connection with AUSTEDO® XR in the Orange Book.

65.    Claim 1 of the '917 patent claims:

1. A method of treating abnormal involuntary movements in a human subject having Tardive Dyskinesia; wherein if the subject is male, the subject does not have a QTcF value >450 ms on a 12-lead electrocardiogram (ECG) at baseline; or wherein if the subject is female, the subject does not have a QTcF value >460 ms on a 12-lead electrocardiogram (ECG) at baseline; comprising: administering to the subject a dose of deutetrabenazine of less than or equal to about 24 mg;

12

wherein the administration results in an improvement in motor function in the subject, as compared to the subject's motor function prior to the administration, and a maximal increase in the subject's QTcF of less than 5 ms.

## The '244 Patent

66. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

67. The '244 patent, entitled "Methods for the Treatment of Abnormal Involuntary Movement Disorders" (Exhibit H), duly and legally issued on May 16, 2023.

68. Auspex is the owner and assignee of the '244 patent.

69. The '244 patent lists as inventors David Stamler and Michael Fangching Huang.

70. The '244 patent is listed in connection with AUSTEDO® XR in the Orange Book.

71. Claim 1 of the '244 patent claims:

1. A method of treating abnormal involuntary movements in a human subject having Tardive Dyskinesia;
wherein the subject is sixty years of age or older, and has a history of dopamine receptor antagonist use for at least one month;
or wherein the subject is not sixty years of age or older, and has a history of dopamine receptor antagonist use for at least three months;
comprising:
administering to the subject, in one or two doses, a total daily amount of deutetrabenazine of from about 24 mg to about 48 mg;
wherein the administration results in an improvement in motor function in the subject, as compared to the subject's motor function prior to the administration, and no clinically significant adverse event.

## The '232 Patent

72. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

73. The '232 patent, entitled "Analogs of Deutetrabenazine, Their Preparations and Use" (Exhibit I), duly and legally issued on November 14, 2023.

74. Auspex is the owner and assignee of the '232 patent.

75. The '232 patent lists as inventors Chengzhi Zhang and James Kerr.

76.    The '232 patent is listed in connection with AUSTEDO® XR in the Orange Book.

77.    Claim 1 of the '232 patent claims:

1.  A process for preparing a deutetrabenazine drug product in the form of a tablet, that has no more than 0.4 area-% of Compound 2 relative to the concentration of deutetrabenazine in the drug product after storage at room temperature for one month, comprising:
    obtaining a deutetrabenazine drug substance comprising Compound 2 in an amount that is not more than 0.15 area-%, relative to the concentration of the deutetrabenazine in the deutetrabenazine drug substance;

Compound 2

wherein the amount of Compound 2 is determined by an HPLC method comprising a C18, 150x4.6 mm, 3.5 μm column and a photodiode array/ultraviolet detector at 220 nm; and
admixing the deutetrabenazine drug substance with an excipient to produce the deutetrabenazine drug product in the form of a tablet;
wherein the deutetrabenazine drug product has no more than 0.4 area-% of Compound 2, relative to the concentration of deutetrabenazine in the drug product, based on a determination by the HPLC method, after the storage at room temperature for one month.

78.    Claim 2 of the '232 patent claims:

2.  A deutetrabenazine drug product in the form of a tablet produced according to the process of claim 1.

**The '858 Patent**

79.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

14

80.   The '858 patent, entitled "Methods for the Treatment of Abnormal Involuntary Movement Disorders" (Exhibit J), duly and legally issued on June 25, 2024.

81.   Auspex is the owner and assignee of the '858 patent.

82.   The '858 patent lists as inventors David Stamler and Michael Huang.

83.   The '858 patent is listed in connection with AUSTEDO® XR in the Orange Book.

84.   Claim 1 of the '858 patent claims:

1.   A method for treating abnormal involuntary movement in a subject comprising

  a) administering to the subject an initial daily amount of deutetrabenazine of 12 mg per day;
  b) determining after about one week the degree of control of abnormal involuntary movement achieved with the initial daily amount and the tolerability of the initial daily amount;
  c) increasing a daily amount of the deutetrabenazine by 6 mg/day or more to a subsequent daily amount if the degree of control of abnormal involuntary movement is inadequate and the daily amount is tolerable;
  d) optionally, repeating step c) until the degree of control of abnormal involuntary movement is adequate and the daily amount of the deutetrabenazine is tolerable; and
  e) optionally, if any daily amount is not tolerated, decreasing the daily amount by 6 mg/day or more to a subsequent daily amount.

### The '075 Patent

85.   Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

86.   The '075 patent, entitled "Osmotic Dosage Forms Comprising Deutetrabenazine and Methods of Use Thereof" (Exhibit K), duly and legally issued on March 31, 2026.

87.   Auspex is the owner and assignee of the '075 patent.

88.   The '075 patent lists as inventors Parag Shah, Mayank Joshi, Soumen Pattanayek, Divyang Patel, and Sandeep Pandita.

89.   The '075 patent is listed in connection with AUSTEDO® XR in the Orange Book.

90.   Claim 1 of the '075 patent claims:

15

1. A method of administering a once-daily dose of deutetrabenazine in an osmotic dosage form for treating a hyperkinetic movement disorder in a subject in need thereof comprising:

orally administering to the subject, on a once daily basis, the osmotic dosage form, wherein the dosage form comprises

    a) a tablet core comprising an active layer and a push layer, wherein the active layer comprises an amount of deutetrabenazine microparticles and an active layer control release agent, and wherein the push layer comprises an osmotic agent and a push layer control release agent, and an optional tablet seal coat on the outer surface of the tablet core;

    b) a semipermeable layer surrounding the tablet core;

    c) a port extending through the semipermeable layer into the tablet core; and

    d) an immediate release coating external to the semipermeable layer comprising a second amount of deutetrabenazine microparticles,

wherein the dosage comprises from about 6 mg to about 48 mg deutetrabenazine in the form of deutetrabenazine microparticles and wherein about 70%-80% of the total amount of deutetrabenazine microparticles present in the dosage form is present within the active layer and wherein about 20%-30% of the total amount of deutetrabenazine microparticles present in the dosage form, is present within the immediate release coating; and

wherein the deutetrabenazine microparticles have a $D_{90}$ of 15 μm, a $D_{50}$ 10 μm, and/or a $D_{10}$ of 3 μm.

## The '598 Patent

91. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

92. The '598 patent, entitled "Osmotic Dosage Forms Comprising Deutetrabenazine and Methods of Use Thereof" (Exhibit L), duly and legally issued on April 14, 2026.

93. Auspex is the owner and assignee of the '598 patent.

94. The '598 patent lists as inventors Parag Shah, Mayank Joshi, Soumen Pattanayek, Divyang Patel, and Sandeep Pandita.

95. The '598 patent is listed in connection with AUSTEDO® XR in the Orange Book.

96. Claim 1 of the '598 patent claims:

16

1. A method of transitioning a human subject being treated with a total daily dose of deutetrabenazine twice daily (bid) to the total daily dose as a deutetrabenazine once daily for control of abnormal involuntary movement, comprising:

   a) administering to the human subject a last dose of the deutetrabenazine twice daily; and

   b) the next day, administering to the human subject the total daily dose as a deutetrabenazine once daily osmotic dosage form, wherein the osmotic dosage form comprises:

      a. a tablet core comprising an active layer and a push layer, wherein the active layer comprises an amount of deutetrabenazine microparticles and an active layer control release agent, and wherein the push layer comprises an osmotic agent and a push layer control release agent, and an optional tablet seal coat on the outer surface of the tablet core;

      b. a semipermeable layer surrounding the tablet core;

      c. a port extending through the semipermeable layer into the tablet core; and

      d. an immediate release coating external to the semipermeable layer comprising a second amount of deutetrabenazine microparticles,

   wherein the dosage comprises from about 6 mg to about 48 mg deutetrabenazine in the form of deutetrabenazine microparticles and wherein about 70%-80% of the total amount of deutetrabenazine microparticles present in the dosage form is present within the active layer and wherein about 20%-30% of the total amount of deutetrabenazine microparticles present in the dosage form, is present within the immediate release coating;

   wherein the deutetrabenazine microparticles have a $D_{90}$ of 15 µm, a $D_{50}$ 10 µm, and/or a $D_{10}$ of 3 µm, and

   wherein the control of the abnormal involuntary movement is maintained during the transitioning from the last dose of deutetrabenazine twice daily to the deutetrabenazine once daily osmotic dosage form.

## INFRINGEMENT BY ALKEM

97.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

98.    By letters dated April 23, 2026 and May 18, 2026 (collectively "Alkem's Notice Letters"), Alkem notified Plaintiffs that it had filed a Paragraph IV Certification with respect to each of the Patents-in-Suit and was seeking approval from the FDA to engage in the commercial

manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the Patents-in-Suit.  On information and belief, Alkem's ANDA contains Paragraph IV Certifications asserting that the Patents-in-Suit will not be infringed by the manufacture, use, offer for sale, sale, or importation of Alkem's ANDA Products, and/or that the Patents-in-Suit are invalid and/or unenforceable.

99.    The purpose of Alkem's submission of Alkem's ANDA was to obtain approval under the Federal Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the Patents-in-Suit.

100.    In Alkem's Notice Letters, Alkem stated that the subject of Alkem's ANDA is deutetrabenazine extended release tablets, 6 mg, 12 mg, and 24 mg.

101.    In Alkem's Notice Letters, Alkem stated that the active ingredient of Alkem's ANDA Products is deutetrabenazine.

102.    In Alkem's Notice Letters, Alkem stated that the proposed dosage strengths of Alkem's ANDA Products are 6 mg, 12 mg, and 24 mg of deutetrabenazine.

103.    In Alkem's Notice Letters, Alkem stated that the dosage form of Alkem's ANDA Products is an oral extended-release tablet.

104.    In an exchange of correspondence, counsel for Plaintiffs and counsel for Alkem discussed Alkem's Offer of Confidential Access.  The Parties did not agree on terms under which Plaintiffs could review, among other things, Alkem's ANDA and the Drug Master File referred to therein.  As a result, Alkem did not produce those submissions or other documents and materials relevant to infringement that Plaintiffs requested.

105.    This Action is being commenced before the expiration of 45 days from the receipt of Alkem's Notice Letters.

## COUNT I – INFRINGEMENT BY ALKEM
## OF THE '780 PATENT UNDER 35 U.S.C. § 271(e)(2)

106.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

107.    Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '780 patent was an act of infringement of the '780 patent under 35 U.S.C. § 271(e)(2)(A).

108.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '780 patent, recited above, either literally or under the doctrine of equivalents.

109.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

110.    On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '780 patent, recited above.

111.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '780 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

112.    On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '780 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-

19

infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '780 patent after approval of Alkem's ANDA.

113.   The foregoing actions by Alkem constitute and/or will constitute infringement of the '780 patent, active inducement of infringement of the '780 patent, and contribution to the infringement by others of the '780 patent.

114.   On information and belief, Alkem has acted with full knowledge of the '780 patent and without a reasonable basis for believing that it would not be liable for infringing the '780 patent, actively inducing infringement of the '780 patent, and contributing to the infringement by others of the '780 patent.

115.   Unless Alkem is enjoined from infringing the '780 patent, actively inducing infringement of the '780 patent, and contributing to the infringement by others of the '780 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II – INFRINGEMENT BY ALKEM
## OF THE '996 PATENT UNDER 35 U.S.C. § 271(e)(2)

116.   Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

117.   Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '996 patent was an act of infringement of the '996 patent under 35 U.S.C. § 271(e)(2)(A).

118.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '996 patent, recited above, either literally or under the doctrine of equivalents.

119. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

120. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '996 patent, recited above.

121. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '996 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

122. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '996 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '996 patent after approval of Alkem's ANDA.

123. The foregoing actions by Alkem constitute and/or will constitute infringement of the '996 patent, active inducement of infringement of the '996 patent, and contribution to the infringement by others of the '996 patent.

124. On information and belief, Alkem has acted with full knowledge of the '996 patent and without a reasonable basis for believing that it would not be liable for infringing the '996 patent, actively inducing infringement of the '996 patent, and contributing to the infringement by others of the '996 patent.

125. Unless Alkem is enjoined from infringing the '996 patent, actively inducing infringement of the '996 patent, and contributing to the infringement by others of the '996 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT III – INFRINGEMENT BY ALKEM
## OF THE '386 PATENT UNDER 35 U.S.C. § 271(e)(2)

126. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

127. Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '386 patent was an act of infringement of the '386 patent under 35 U.S.C. § 271(e)(2)(A).

128. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '386 patent, recited above, either literally or under the doctrine of equivalents.

129. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

130. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '386 patent, recited above.

131. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '386 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

132. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '386 patent and that

Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '386 patent after approval of Alkem's ANDA.

133.    The foregoing actions by Alkem constitute and/or will constitute infringement of the '386 patent, active inducement of infringement of the '386 patent, and contribution to the infringement by others of the '386 patent.

134.    On information and belief, Alkem has acted with full knowledge of the '386 patent and without a reasonable basis for believing that it would not be liable for infringing the '386 patent, actively inducing infringement of the '386 patent, and contributing to the infringement by others of the '386 patent.

135.    Unless Alkem is enjoined from infringing the '386 patent, actively inducing infringement of the '386 patent, and contributing to the infringement by others of the '386 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

**COUNT IV – INFRINGEMENT BY ALKEM
OF THE '488 PATENT UNDER 35 U.S.C. § 271(e)(2)**

136.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

137.    Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '488 patent was an act of infringement of the '488 patent under 35 U.S.C. § 271(e)(2)(A).

138.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '488 patent, recited above, either literally or under the doctrine of equivalents.

23

139. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

140. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '488 patent, recited above.

141. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '488 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

142. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '488 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '488 patent after approval of Alkem's ANDA.

143. The foregoing actions by Alkem constitute and/or will constitute infringement of the '488 patent, active inducement of infringement of the '488 patent, and contribution to the infringement by others of the '488 patent.

144. On information and belief, Alkem has acted with full knowledge of the '488 patent and without a reasonable basis for believing that it would not be liable for infringing the '488 patent, actively inducing infringement of the '488 patent, and contributing to the infringement by others of the '488 patent.

145.    Unless Alkem is enjoined from infringing the '488 patent, actively inducing infringement of the '488 patent, and contributing to the infringement by others of the '488 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT V – INFRINGEMENT BY ALKEM**
**OF THE '772 PATENT UNDER 35 U.S.C. § 271(e)(2)**

146.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

147.    Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '772 patent was an act of infringement of the '772 patent under 35 U.S.C. § 271(e)(2)(A).

148.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '772 patent, recited above, either literally or under the doctrine of equivalents.

149.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

150.    On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '772 patent, recited above.

151.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '772 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

152.    On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '772 patent and that

Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '772 patent after approval of Alkem's ANDA.

153.    The foregoing actions by Alkem constitute and/or will constitute infringement of the '772 patent, active inducement of infringement of the '772 patent, and contribution to the infringement by others of the '772 patent.

154.    On information and belief, Alkem has acted with full knowledge of the '772 patent and without a reasonable basis for believing that it would not be liable for infringing the '772 patent, actively inducing infringement of the '772 patent, and contributing to the infringement by others of the '772 patent.

155.    Unless Alkem is enjoined from infringing the '772 patent, actively inducing infringement of the '772 patent, and contributing to the infringement by others of the '772 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT VI – INFRINGEMENT BY ALKEM**
**OF THE '291 PATENT UNDER 35 U.S.C. § 271(e)(2)**

156.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

157.    Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '291 patent was an act of infringement of the '291 patent under 35 U.S.C. § 271(e)(2)(A).

158.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '291 patent, recited above, either literally or under the doctrine of equivalents.

26

159. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

160. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '291 patent, recited above.

161. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '291 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

162. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '291 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '291 patent after approval of Alkem's ANDA.

163. The foregoing actions by Alkem constitute and/or will constitute infringement of the '291 patent, active inducement of infringement of the '291 patent, and contribution to the infringement by others of the '291 patent.

164. On information and belief, Alkem has acted with full knowledge of the '291 patent and without a reasonable basis for believing that it would not be liable for infringing the '291 patent, actively inducing infringement of the '291 patent, and contributing to the infringement by others of the '291 patent.

165. Unless Alkem is enjoined from infringing the '291 patent, actively inducing infringement of the '291 patent, and contributing to the infringement by others of the '291 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT VII – INFRINGEMENT BY ALKEM
## OF THE '917 PATENT UNDER 35 U.S.C. § 271(e)(2)

166. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

167. Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '917 patent was an act of infringement of the '917 patent under 35 U.S.C. § 271(e)(2)(A).

168. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '917 patent, recited above, either literally or under the doctrine of equivalents.

169. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

170. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '917 patent, recited above.

171. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '917 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

172. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '917 patent and that

28

Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '917 patent after approval of Alkem's ANDA.

173.    The foregoing actions by Alkem constitute and/or will constitute infringement of the '917 patent, active inducement of infringement of the '917 patent, and contribution to the infringement by others of the '917 patent.

174.    On information and belief, Alkem has acted with full knowledge of the '917 patent and without a reasonable basis for believing that it would not be liable for infringing the '917 patent, actively inducing infringement of the '917 patent, and contributing to the infringement by others of the '917 patent.

175.    Unless Alkem is enjoined from infringing the '917 patent, actively inducing infringement of the '917 patent, and contributing to the infringement by others of the '917 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT VIII – INFRINGEMENT BY ALKEM
OF THE '244 PATENT UNDER 35 U.S.C. § 271(e)(2)**

176.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

177.    Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '244 patent was an act of infringement of the '244 patent under 35 U.S.C. § 271(e)(2)(A).

178.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '244 patent, recited above, either literally or under the doctrine of equivalents.

179.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

180.    On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '244 patent, recited above.

181.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '244 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

182.    On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '244 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '244 patent after approval of Alkem's ANDA.

183.    The foregoing actions by Alkem constitute and/or will constitute infringement of the '244 patent, active inducement of infringement of the '244 patent, and contribution to the infringement by others of the '244 patent.

184.    On information and belief, Alkem has acted with full knowledge of the '244 patent and without a reasonable basis for believing that it would not be liable for infringing the '244 patent, actively inducing infringement of the '244 patent, and contributing to the infringement by others of the '244 patent.

185.    Unless Alkem is enjoined from infringing the '244 patent, actively inducing infringement of the '244 patent, and contributing to the infringement by others of the '244 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

<u>**COUNT IX – INFRINGEMENT BY ALKEM**</u>
<u>**OF THE '232 PATENT UNDER 35 U.S.C. § 271(e)(2)**</u>

186.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

187.    Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '232 patent was an act of infringement of the '232 patent under 35 U.S.C. § 271(e)(2)(A).

188.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claims 1 and 2 of the '232 patent, recited above, either literally or under the doctrine of equivalents.

189.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

190.    On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claims 1 and 2 of the '232 patent, recited above.

191.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '232 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

192.    On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '232 patent and that

31

Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '232 patent after approval of Alkem's ANDA.

193.    The foregoing actions by Alkem constitute and/or will constitute infringement of the '232 patent, active inducement of infringement of the '232 patent, and contribution to the infringement by others of the '232 patent.

194.    On information and belief, Alkem has acted with full knowledge of the '232 patent and without a reasonable basis for believing that it would not be liable for infringing the '232 patent, actively inducing infringement of the '232 patent, and contributing to the infringement by others of the '232 patent.

195.    Unless Alkem is enjoined from infringing the '232 patent, actively inducing infringement of the '232 patent, and contributing to the infringement by others of the '232 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT X – INFRINGEMENT BY ALKEM
### OF THE '858 PATENT UNDER 35 U.S.C. § 271(e)(2)

196.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

197.    Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '858 patent was an act of infringement of the '858 patent under 35 U.S.C. § 271(e)(2)(A).

198.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '858 patent, recited above, either literally or under the doctrine of equivalents.

199. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

200. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '858 patent, recited above.

201. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '858 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

202. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '858 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '858 patent after approval of Alkem's ANDA.

203. The foregoing actions by Alkem constitute and/or will constitute infringement of the '858 patent, active inducement of infringement of the '858 patent, and contribution to the infringement by others of the '858 patent.

204. On information and belief, Alkem has acted with full knowledge of the '858 patent and without a reasonable basis for believing that it would not be liable for infringing the '858 patent, actively inducing infringement of the '858 patent, and contributing to the infringement by others of the '858 patent.

205.    Unless Alkem is enjoined from infringing the '858 patent, actively inducing infringement of the '858 patent, and contributing to the infringement by others of the '858 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XI – INFRINGEMENT BY ALKEM
## OF THE '075 PATENT UNDER 35 U.S.C. § 271(e)(2)

206.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

207.    Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '075 patent was an act of infringement of the '075 patent under 35 U.S.C. § 271(e)(2)(A).

208.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '075 patent, recited above, either literally or under the doctrine of equivalents.

209.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

210.    On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '075 patent, recited above.

211.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '075 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

212.    On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '075 patent and that

Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '075 patent after approval of Alkem's ANDA.

213. The foregoing actions by Alkem constitute and/or will constitute infringement of the '075 patent, active inducement of infringement of the '075 patent, and contribution to the infringement by others of the '075 patent.

214. On information and belief, Alkem has acted with full knowledge of the '075 patent and without a reasonable basis for believing that it would not be liable for infringing the '075 patent, actively inducing infringement of the '075 patent, and contributing to the infringement by others of the '075 patent.

215. Unless Alkem is enjoined from infringing the '075 patent, actively inducing infringement of the '075 patent, and contributing to the infringement by others of the '075 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XII – INFRINGEMENT BY ALKEM OF THE '598 PATENT UNDER 35 U.S.C. § 271(e)(2)

216. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

217. Alkem's submission of Alkem's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Alkem's ANDA Products prior to the expiration of the '598 patent was an act of infringement of the '598 patent under 35 U.S.C. § 271(e)(2)(A).

218. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '598 patent, recited above, either literally or under the doctrine of equivalents.

35

219. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products immediately and imminently upon FDA approval of Alkem's ANDA.

220. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '598 patent, recited above.

221. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '598 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

222. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '598 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '598 patent after approval of Alkem's ANDA.

223. The foregoing actions by Alkem constitute and/or will constitute infringement of the '598 patent, active inducement of infringement of the '598 patent, and contribution to the infringement by others of the '598 patent.

224. On information and belief, Alkem has acted with full knowledge of the '598 patent and without a reasonable basis for believing that it would not be liable for infringing the '598 patent, actively inducing infringement of the '598 patent, and contributing to the infringement by others of the '598 patent.

36

225.    Unless Alkem is enjoined from infringing the '598 patent, actively inducing infringement of the '598 patent, and contributing to the infringement by others of the '598 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XIII – DECLARATORY JUDGMENT OF INFRINGEMENT BY ALKEM OF THE '780 PATENT

226.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

227.    Alkem has knowledge of the '780 patent.

228.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '780 patent, recited above, either literally or under the doctrine of equivalents.

229.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

230.    On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '780 patent, recited above.

231.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '780 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

232.    On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '780 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '780 patent after approval of Alkem's ANDA.

37

233. The foregoing actions by Alkem constitute and/or will constitute infringement of the '780 patent, active inducement of infringement of the '780 patent, and contribution to the infringement by others of the '780 patent.

234. On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '780 patent, actively inducing infringement of the '780 patent, and contributing to the infringement by others of the '780 patent.

235. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '780 patent are valid.

236. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '780 patent and that the claims of the '780 patent are valid.

237. Alkem should be enjoined from infringing the '780 patent, actively inducing infringement of the '780 patent, and contributing to the infringement by others of the '780 patent; otherwise, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT XIV – DECLARATORY JUDGMENT OF INFRINGEMENT BY ALKEM OF THE '996 PATENT

238. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

239. Alkem has knowledge of the '996 patent.

240. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '996 patent, recited above, either literally or under the doctrine of equivalents.

38

241. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

242. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '996 patent, recited above.

243. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '996 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

244. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '996 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '996 patent after approval of Alkem's ANDA.

245. The foregoing actions by Alkem constitute and/or will constitute infringement of the '996 patent, active inducement of infringement of the '996 patent, and contribution to the infringement by others of the '996 patent.

246. On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '996 patent, actively inducing infringement of the '996 patent, and contributing to the infringement by others of the '996 patent.

247. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '996 patent are valid.

248.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '996 patent and that the claims of the '996 patent are valid.

249.    Alkem should be enjoined from infringing the '996 patent, actively inducing infringement of the '996 patent, and contributing to the infringement by others of the '996 patent; otherwise, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XV – DECLARATORY JUDGMENT OF INFRINGEMENT BY ALKEM OF THE '386 PATENT

250.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

251.    Alkem has knowledge of the '386 patent.

252.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '386 patent, recited above, either literally or under the doctrine of equivalents.

253.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

254.    On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '386 patent, recited above.

255.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '386 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

40

256.    On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '386 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '386 patent after approval of Alkem's ANDA.

257.    The foregoing actions by Alkem constitute and/or will constitute infringement of the '386 patent, active inducement of infringement of the '386 patent, and contribution to the infringement by others of the '386 patent.

258.    On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '386 patent, actively inducing infringement of the '386 patent, and contributing to the infringement by others of the '386 patent.

259.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '386 patent are valid.

260.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '386 patent and that the claims of the '386 patent are valid.

261.    Alkem should be enjoined from infringing the '386 patent, actively inducing infringement of the '386 patent, and contributing to the infringement by others of the '386 patent; otherwise, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT XVI – DECLARATORY JUDGMENT OF INFRINGEMENT BY ALKEM OF THE '488 PATENT

262.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

263.    Alkem has knowledge of the '488 patent.

41

264. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '488 patent, recited above, either literally or under the doctrine of equivalents.

265. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

266. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '488 patent, recited above.

267. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '488 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

268. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '488 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '488 patent after approval of Alkem's ANDA.

269. The foregoing actions by Alkem constitute and/or will constitute infringement of the '488 patent, active inducement of infringement of the '488 patent, and contribution to the infringement by others of the '488 patent.

270. On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '488 patent, actively inducing infringement of the '488 patent, and contributing to the infringement by others of the '488 patent.

42

271. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '488 patent are valid.

272. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '488 patent and that the claims of the '488 patent are valid.

273. Alkem should be enjoined from infringing the '488 patent, actively inducing infringement of the '488 patent, and contributing to the infringement by others of the '488 patent; otherwise, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XVII – DECLARATORY JUDGMENT OF INFRINGEMENT BY ALKEM OF THE '772 PATENT

274. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

275. Alkem has knowledge of the '772 patent.

276. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '772 patent, recited above, either literally or under the doctrine of equivalents.

277. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

278. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '772 patent, recited above.

279.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '772 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

280.    On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '772 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '772 patent after approval of Alkem's ANDA.

281.    The foregoing actions by Alkem constitute and/or will constitute infringement of the '772 patent, active inducement of infringement of the '772 patent, and contribution to the infringement by others of the '772 patent.

282.    On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '772 patent, actively inducing infringement of the '772 patent, and contributing to the infringement by others of the '772 patent.

283.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '772 patent are valid.

284.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '772 patent and that the claims of the '772 patent are valid.

285.    Alkem should be enjoined from infringing the '772 patent, actively inducing infringement of the '772 patent, and contributing to the infringement by others of the '772 patent; otherwise, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

44

## COUNT XVIII – DECLARATORY JUDGMENT OF INFRINGEMENT
## BY ALKEM OF THE '291 PATENT

286.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

287.    Alkem has knowledge of the '291 patent.

288.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '291 patent, recited above, either literally or under the doctrine of equivalents.

289.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

290.    On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '291 patent, recited above.

291.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '291 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

292.    On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '291 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '291 patent after approval of Alkem's ANDA.

293.    The foregoing actions by Alkem constitute and/or will constitute infringement of the '291 patent, active inducement of infringement of the '291 patent, and contribution to the infringement by others of the '291 patent.

45

294.    On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '291 patent, actively inducing infringement of the '291 patent, and contributing to the infringement by others of the '291 patent.

295.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '291 patent are valid.

296.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '291 patent and that the claims of the '291 patent are valid.

297.    Alkem should be enjoined from infringing the '291 patent, actively inducing infringement of the '291 patent, and contributing to the infringement by others of the '291 patent; otherwise, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XIX – DECLARATORY JUDGMENT OF INFRINGEMENT BY ALKEM OF THE '917 PATENT

298.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

299.    Alkem has knowledge of the '917 patent.

300.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '917 patent, recited above, either literally or under the doctrine of equivalents.

301.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

46

302. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '917 patent, recited above.

303. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '917 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

304. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '917 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '917 patent after approval of Alkem's ANDA.

305. The foregoing actions by Alkem constitute and/or will constitute infringement of the '917 patent, active inducement of infringement of the '917 patent, and contribution to the infringement by others of the '917 patent.

306. On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '917 patent, actively inducing infringement of the '917 patent, and contributing to the infringement by others of the '917 patent.

307. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '917 patent are valid.

308. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '917 patent and that the claims of the '917 patent are valid.

309. Alkem should be enjoined from infringing the '917 patent, actively inducing infringement of the '917 patent, and contributing to the infringement by others of the '917 patent; otherwise, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT XX – DECLARATORY JUDGMENT OF INFRINGEMENT BY ALKEM OF THE '244 PATENT

310. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

311. Alkem has knowledge of the '244 patent.

312. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '244 patent, recited above, either literally or under the doctrine of equivalents.

313. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

314. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '244 patent, recited above.

315. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '244 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

316. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '244 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '244 patent after approval of Alkem's ANDA.

48

317.   The foregoing actions by Alkem constitute and/or will constitute infringement of the '244 patent, active inducement of infringement of the '244 patent, and contribution to the infringement by others of the '244 patent.

318.   On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '244 patent, actively inducing infringement of the '244 patent, and contributing to the infringement by others of the '244 patent.

319.   Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '244 patent are valid.

320.   Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '244 patent and that the claims of the '244 patent are valid.

321.   Alkem should be enjoined from infringing the '244 patent, actively inducing infringement of the '244 patent, and contributing to the infringement by others of the '244 patent; otherwise, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT XXI – DECLARATORY JUDGMENT OF INFRINGEMENT BY ALKEM OF THE '232 PATENT

322.   Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

323.   Alkem has knowledge of the '232 patent.

324.   On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claims 1 and 2 of the '232 patent, recited above, either literally or under the doctrine of equivalents.

49

325. On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

326. On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claims 1 and 2 of the '232 patent, recited above.

327. On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '232 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

328. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '232 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '232 patent after approval of Alkem's ANDA.

329. The foregoing actions by Alkem constitute and/or will constitute infringement of the '232 patent, active inducement of infringement of the '232 patent, and contribution to the infringement by others of the '232 patent.

330. On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '232 patent, actively inducing infringement of the '232 patent, and contributing to the infringement by others of the '232 patent.

331. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '232 patent are valid.

332.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '232 patent and that the claims of the '232 patent are valid.

333.    Alkem should be enjoined from infringing the '232 patent, actively inducing infringement of the '232 patent, and contributing to the infringement by others of the '232 patent; otherwise, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT XXII – DECLARATORY JUDGMENT OF INFRINGEMENT
BY ALKEM OF THE '858 PATENT**

334.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

335.    Alkem has knowledge of the '858 patent.

336.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '858 patent, recited above, either literally or under the doctrine of equivalents.

337.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

338.    On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '858 patent, recited above.

339.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '858 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

340. On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '858 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use. On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '858 patent after approval of Alkem's ANDA.

341. The foregoing actions by Alkem constitute and/or will constitute infringement of the '858 patent, active inducement of infringement of the '858 patent, and contribution to the infringement by others of the '858 patent.

342. On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '858 patent, actively inducing infringement of the '858 patent, and contributing to the infringement by others of the '858 patent.

343. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '858 patent are valid.

344. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '858 patent and that the claims of the '858 patent are valid.

345. Alkem should be enjoined from infringing the '858 patent, actively inducing infringement of the '858 patent, and contributing to the infringement by others of the '858 patent; otherwise, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT XXIII – DECLARATORY JUDGMENT OF INFRINGEMENT BY ALKEM OF THE '075 PATENT

346. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

347. Alkem has knowledge of the '075 patent.

348.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '075 patent, recited above, either literally or under the doctrine of equivalents.

349.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

350.    On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '075 patent, recited above.

351.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '075 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

352.    On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '075 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '075 patent after approval of Alkem's ANDA.

353.    The foregoing actions by Alkem constitute and/or will constitute infringement of the '075 patent, active inducement of infringement of the '075 patent, and contribution to the infringement by others of the '075 patent.

354.    On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '075 patent, actively inducing infringement of the '075 patent, and contributing to the infringement by others of the '075 patent.

355.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '075 patent are valid.

356.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '075 patent and that the claims of the '075 patent are valid.

357.    Alkem should be enjoined from infringing the '075 patent, actively inducing infringement of the '075 patent, and contributing to the infringement by others of the '075 patent; otherwise, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XXIV – DECLARATORY JUDGMENT OF INFRINGEMENT BY ALKEM OF THE '598 PATENT

358.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

359.    Alkem has knowledge of the '598 patent.

360.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products would infringe at least claim 1 of the '598 patent, recited above, either literally or under the doctrine of equivalents.

361.    On information and belief, Alkem will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Alkem's ANDA Products with their proposed labeling upon FDA approval of Alkem's ANDA.

362.    On information and belief, the use of Alkem's ANDA Products in accordance with and as directed by Alkem's proposed labeling for those products would infringe at least claim 1 of the '598 patent, recited above.

363.    On information and belief, Alkem plans and intends to, and will, actively induce infringement of the '598 patent when Alkem's ANDA is approved, and plans and intends to, and will, do so after approval.

364.    On information and belief, Alkem knows that Alkem's ANDA Products and their proposed labeling are especially made or adapted for use in infringing the '598 patent and that Alkem's ANDA Products and their proposed labeling are not suitable for substantial non-infringing use.  On information and belief, Alkem plans and intends to, and will, contribute to infringement of the '598 patent after approval of Alkem's ANDA.

365.    The foregoing actions by Alkem constitute and/or will constitute infringement of the '598 patent, active inducement of infringement of the '598 patent, and contribution to the infringement by others of the '598 patent.

366.    On information and belief, Alkem has acted without a reasonable basis for believing that it would not be liable for infringing the '598 patent, actively inducing infringement of the '598 patent, and contributing to the infringement by others of the '598 patent.

367.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Alkem regarding whether the claims of the '598 patent are valid.

368.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Alkem's ANDA Products with their proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '598 patent and that the claims of the '598 patent are valid.

369.    Alkem should be enjoined from infringing the '598 patent, actively inducing infringement of the '598 patent, and contributing to the infringement by others of the '598 patent; otherwise, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

(a) A judgment that Alkem has infringed, will infringe, and will induce and contribute to infringement of each of the Patents-in-Suit;

(b) A judgment that the Patents-in-Suit are valid and enforceable;

(c) A judgment pursuant to, among other things, 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval for Alkem to make, use, offer for sale, sell, market, distribute, or import Alkem's ANDA Products, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, shall not be earlier than the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of regulatory or patent exclusivity;

(d) A preliminary and permanent injunction pursuant to, among other things, 35 U.S.C. §§ 271(e)(4)(B) and 283 enjoining Alkem, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Alkem's ANDA Products, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of regulatory or patent exclusivity.

(e) A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Alkem's ANDA Products, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which

56

infringes the Patents-in-Suit, prior to the expiration date of the Patents-in-Suit, respectively, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Patents-in-Suit;

(f) An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs if Alkem engages in the manufacture, use, offer for sale, sale, marketing, distribution, or importation of Alkem's ANDA Products, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of regulatory or patent exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

(g) A declaration that this case is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(h) An award of Plaintiffs' costs and expenses in this action; and

(i) Such further and other relief as this Court may deem just and proper.

Dated: June 5, 2026 WALSH PIZZI O'REILLY FALANGA LLP

*s/ Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

OF COUNSEL:
David I. Berl
Alexander S. Zolan
Shaun P. Mahaffy
Chloe M. Houdre
Molly K. Moore
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW

*Attorneys for Plaintiffs*

*Teva Neuroscience, Inc., and*

57

Washington, DC 20024                          *Auspex Pharmaceuticals LLC*
(202) 434-5000

*Attorneys for Plaintiffs*
*Teva Neuroscience, Inc., and*
*Auspex Pharmaceuticals LLC*

58

## Local Rule 11.2 Certification

We hereby certify that, to the best of our knowledge, the matter in controversy is not the subject of any action pending in any court or of any pending arbitration or administrative proceeding.


Dated: June 5, 2026                     WALSH PIZZI O'REILLY FALANGA LLP

                                        *s/ Liza M. Walsh*

                                        Liza M. Walsh
                                        Katelyn O'Reilly
OF COUNSEL:                             Christine P. Clark
David I. Berl                           100 Mulberry Street, 15th Floor
Alexander S. Zolan                      Newark, New Jersey 07102
Shaun P. Mahaffy                        (973) 757-1100
Chloe M. Houdre
Molly K. Moore                          *Attorneys for Plaintiffs*
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW                     *Teva Neuroscience, Inc., and*
Washington, DC 20024                    *Auspex Pharmaceuticals LLC*
(202) 434-5000

*Attorneys for Plaintiffs*
*Teva Neuroscience, Inc., and*
*Auspex Pharmaceuticals LLC*

**Local Rule 201.1 Certification**

We hereby certify that the above captioned matter is not subject to compulsory arbitration in that Plaintiffs seek, inter alia, injunctive relief.

Dated: June 5,  2026

OF COUNSEL:
David I. Berl
Alexander S. Zolan
Shaun P. Mahaffy
Chloe M. Houdre
Molly K. Moore
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

*Attorneys for Plaintiffs*
*Teva Neuroscience, Inc., and*
*Auspex Pharmaceuticals LLC*

WALSH PIZZI O'REILLY FALANGA LLP

*s/ Liza M. Walsh*

Liza M. Walsh
Katelyn O'Reilly
Christine P. Clark
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Attorneys for Plaintiffs*

*Teva Neuroscience, Inc., and*
*Auspex Pharmaceuticals LLC*

60